Laubie, J.
The petition of the plaintiff below seems to allege that the opening of the seams of the boat and throwing out of the caulking were the necessary and inevitable results of the use of a side dock in attempting to repair; but at all events, the evidence tends to, if it does not fairly prove, that such would be the necessary and inevitable result of such use of *136 such dock, or of that manner of repairing: and if the jury should find, under proper instructions, that such would be the necessary result, and was in this case, then the plaintiff could not recover, because the injury to the boat which allowed the water to enter and sink her, was not an accident, but an injury that must of necessity occur to any boat under the same circumstances. Hazard, Adm’r, v. Ins. Co., 8 Peters, 557, recognized in Insurance Co. v. Reed, 20 Ohio, 210, 211; Martin v. Insurance Co., 2 Mass., 420.
This being so, the court in this case erred in charging the jury
“If you find this sea-vessel was unseaworthy, but was in process of being repaired, and that they were using such means for the repair of the vessel as prudent men engaged in the business of repairing a vessel would use, and the repairs were being made at New Richmond, and the boat sank while the repairs were going on, and the cause of the sinking arose from the attempted repairs, and not through any unseaworthiness of the vessel,, then that would be such a peril as the policy insured against, and for which plaintiff would be entitled to recover.”
Such charge was misleading, and assumed that the defendant company was liable for any act of the owner and his servants in making the repairs, whether the result of such act was a necessary injury consequent upon the making of the repairs with a side dock, or not. Instead the court should have submitted the question to the jury in conformity with the rule herein before stated, as was done in Hazard, Adm’r, v. Insurance Co, supra.
The court also erred in charging:
“But if you find the vessel was unseaworthy and not-fit to be used for the purpose it was, and it was known by the plaintiff at that time, and the boat sank from unseaworthiness, then the defendant company would not be liable,”
That charge is misleading.If the jury should find the vessel unseaworthy at the time, the knowledge of that fact on the *137 'part of the owner would be immaterial. This was not cured in any other part of the charge.
J. H. Cabell, for Plaintiff in Error.
Swing. Cushing & Morse, for Defendant in Error.
If two inconsistent charges are given, one of which is ■erroneous, it is not possible to say which one the jury followed. Reversed and remanded for new trial.